

FILED
NOV 21 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, on behalf of its agency, the United States Small Business Administration <br><br> Plaintiff <br><br> v. <br><br> WALNUT PRIVATE EQUITY FUND, L.P. <br><br> Defendant | Civ. Action No. 1:14-cv-865 |

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 363 and 364; and 15 U.S.C. §§ 689l and 689m, and 28 U.S.C. § 1345.

3. Defendant, Walnut Private Equity Fund, L.P. (hereinafter, "Walnut" or

"Defendant") is a Delaware limited partnership that was formed on February 6, 2004. Walnut was licensed on April 24, 2002 as a small business investment company ("SBIC") under license number 05/75-0283.

4.  Walnut maintains its principal office and/or principal place of business at 312 Walnut Street, Suite 1151, Cincinnati, Ohio 45202. Venue is therefore proper under Section 363 of the Act, 15 U.S.C. § 689, and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

5.  On or about September 3, 2014, Walnut was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) as SBA License 02/72-0606, solely to do business under the provisions of the Act and the Regulations.

6.  Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7.  Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide financing to licensed SBICs. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Walnut through the purchase and/or guaranty of Participating Securities, a form of leverage, as those terms are defined under the Regulations.

8.  Currently, there remains $40,755,000.00 in outstanding Participating Securities leverage.

9. The Participating Security instruments described in paragraphs 7-8, above, are expressly subject to the Regulations, including but not limited to 13 C.F.R. §§107.1820 and 1830-1850.

10. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the regulations, all of the rights, privileges and franchises of a licensee, such as Walnut, may be forfeited and the company may be declared dissolved.

11. Section 311 of the Act, 15 U.S.C. §687c, provides that upon a determination by SBA that a licensee, such as Walnut, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any rule or regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such licensee.

12. By letter dated February 17, 2010, SBA notified Walnut that, upon review of Walnut's SBA Form 468, Statement of Financial Condition, for the period December 31, 2009, Walnut had a condition of capital impairment, as that term is defined in the Regulations, of 85.23%, although the maximum percentage allowed under the Regulations for licensees such as Walnut was 60%. The February 17, 2010 letter directed Walnut to cure its condition of capital impairment within fifteen (15) days of the letter or

SBA would impose restricted operations in accordance with the Regulations found at 13 C.F.R. §§107.1820(e)(3), and (f).

## COUNT ONE

### CAPITAL IMPAIRMENT

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Walnut has been unable to cure its condition of capital impairment as that term is defined at 13 C.F.R. §107.1830.

15. Walnut remains capitally impaired in violation of 13 C.F.R. §107.1820(e)(3) and 13 C.F.R. §107.1830.

16. As a consequence of Walnut's condition of capital impairment, SBA is entitled to entry of the Consent Order of Receivership executed by Walnut.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/William B. King II
WILLIAM B. KING II (W.Va. 10528)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street
Suite 400
Cincinnati, Ohio 45202
(513)684-3711
Fax: (513)684-6972
Bill.King@usdoj.gov

*Of Counsel*

U.S. SMALL BUSINESS ADMINISTRATION


ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone:    (202) 205-6857
Facsimile:     (202) 481-0325
arlene.messingerlerner@sba.gov


ARLENE M. EMBREY
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Federal Bar No. CT 20022
Telephone:    (202) 205-6976
Facsimile:     (202) 481-0324
Arlene.embrey@sba.gov